# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN ANDERSON,**
                    **Petitioner,**

        **v.**                                    **Case No.  15-C-0355**

**RANDALL HEPP, Warden,**
**Fox Lake Correctional Institution,**
                    **Respondent.**

## <u>ORDER</u>

Justin Anderson has filed a petition pursuant to 28 U.S.C. § 2254.  Recently, he filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis. Because it is clear that Anderson meets the requirements of 28 U.S.C. § 1915(a)(1), I will grant the motion for leave to proceed in forma pauperis.

Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis.  <u>Wilson v. Duckworth</u>, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? <u>Pruitt v. Mote</u>, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Here, Anderson has demonstrated that he has made a reasonable attempt to obtain counsel on his own.  However, I conclude that Anderson has not shown that he is not competent to litigate this case himself.  Anderson has been receiving assistance from an

inmate at a different Wisconsin correctional institution.  In his motion, Anderson states that

Fox Lake Correctional Institution has interfered with his ability to communicate with that

inmate.  However, Anderson also states that he filed an inmate grievance over that issue

and has since been able to communicate with the inmate who has been assisting him.

(Mot. for Counsel at 9.)  Thus, at this point, it appears that Anderson will be able to

continue obtaining assistance from the inmate.  In any event, even if Anderson cannot

obtain further assistance, his filings so far contain the legal arguments that he intends to

make.  Because Anderson may use those filings as guidance when preparing his brief in

support of his habeas petition, I conclude that he is competent to litigate on his own.  If

after the parties file their briefs it becomes apparent that Anderson is not, in fact,

competent to litigate on his own, I will reconsider this ruling.  However, at this point

Anderson must file a brief on his own, or with the assistance of the other inmate, if he can

obtain it.  Because the deadline for filing that brief has passed, I will provide Anderson with

an extension of time

        **THEREFORE, IT IS ORDERED** that  petitioner's motion to proceed in forma

pauperis is **GRANTED**.

        **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is

**DENIED**.

        **FINALLY, IT IS ORDERED** that petitioner's brief in support of his petition must be

filed on or before October 15, 2015.  Respondent shall have 45 days following the filing of

petitioner's initial brief within which to file a brief in opposition.  Petitioner shall have 30

days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2015.

s/ Lynn Adelman

_____

LYNN ADELMAN
District Judge

3